USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States,

—v—

Phillip Santiago.

Defendant.

20-cr-528 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

The Defendant is charged with violating 18 U.S.C. § 922(g)(1) for possessing ammunition after having been convicted of felonies. The alleged possession of ammunition occurred after the Defendant pled guilty to New York state felonies, but before he was sentenced and adjudicated a youthful offender. He moves to dismiss the indictment because his predicate New York state felony convictions were vacated by his adjudication as a youthful offender in state court prior to the federal indictment being filed. For the reasons that follow, that motion is DENIED.

I.  BACKGROUND

The timeline is critical to understanding the issue that is presented by the Defendant's motion to dismiss. When the Defendant was 18 years old, he was arrested and charged with three felony counts of violating New York penal law.[1] Dkt. No. 26 at 2. On April 14, 2020, he

---

[1] The Court has held that the nature of the state felony charges, and any of the circumstances surrounding those charges, should be kept under seal. *See* Dkt. No. 24; *United States v. Matthews*, 205 F.3d 544, 548 (2d Cir. 2000) ("[B]y requiring youthful offender records to be kept confidential, the New York legislature intended . . . to remove the stigma associated with a criminal conviction."). In this Opinion, the Court does not reference the specific felony charges so as to avoid the need for redactions.

1

pled guilty to the three counts in state court.  Def. Declaration, Ex. A, Tr. 24-25; Ex. B, Tr. 6.  In exchange for pleading guilty, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*., Ex. A, at Tr. 26.  In explaining the agreement to the Defendant at the time of the guilty plea, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 25-26. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*.

According to the Government, on June 26, 2020, the Defendant knowingly and intentionally possessed ammunition (.25 millimeter shell casings).  Dkt. No. 2.

The state court sentencing proceeding came next.  On September 22, 2020, the Defendant was sentenced in state court for the three felony counts he pled guilty to on April 14, 2020.  Dkt. No. 26 at 3; Def. Dec., Ex. B, Tr. at 6.  The court sentenced the Defendant to ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  At the same time, the state court adjudicated the Defendant as a youthful offender, which meant, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. at 10-11.

Following that state court sentencing proceeding, the Defendant was indicted by a federal grand jury on October 6, 2020 for possessing ammunition after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), based on the alleged incident on June 26, 2020.

Dkt. No. 27 at 3-4. The predicate felonies for the charge were the three state felony counts that the Defendant had pled guilty to in state court on April 14, 2020. Dkt. No. 26 at 3.

The Defendant now brings this Motion to Dismiss the Sealed Indictment pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B) for failure to state an offense under § 922(g)(1). While the parties' briefs were originally submitted under seal in order to prevent disclosure of details regarding the Defendant's youthful offender conviction, on February 8, 2021, the Court ordered the Defendant to file redacted versions of the parties' briefs on the public docket. Dkt. No. 24. On February 23, 2021, the Court held oral argument on the Defendant's motion. Dkt. No. 30. At oral argument, the Court invited the parties to submit any supplemental authority related to New York state law. The Government submitted a letter on February 24, 2021. Dkt. No. 31.

## II. DISCUSSION

Under the Federal Rules of Criminal Procedure, a defendant may bring a motion to dismiss the indictment if there is a "defect in the indictment" such that it "fail[s] to state an offense." Fed. R. Crim. P. Rule 12(b)(3)(B)(v).

The Defendant advances two arguments as to why the indictment fails to state an offense. First, he argues that he had not been convicted of a felony at the time of the alleged possession on June 26, 2021, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and thus the question of whether he would be convicted of the state court felonies was held open until the time of sentencing. Second, he argues that, even if he had been convicted of a felony at the time of the alleged possession, that felony conviction still cannot serve as a predicate for § 922(g)(1) because it was vacated as a result of the youthful offender adjudication prior the filing of the indictment.

3

### A. 18 U.S.C. § 922(g)(1)

Section 922(g)(1) makes it unlawful for "any person – who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). The elements of a § 922(g)(1) violation are: that the defendant (1) knowingly possessed a firearm or ammunition, (2) in or affecting commerce, while (3) knowing that he had previously been convicted of a felony. *See* 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019).

For the third element that the defendant must have been previously "convicted" of a felony, courts are to determine "[w]hat constitutes a conviction . . . in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Here, that means that New York state law determines whether the Defendant stood convicted of a felony on June 26, 2020, when the Government alleges he possessed ammunition.

Additionally, the statute explicitly excludes "any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored" from qualifying as a predicate felony conviction for purposes of § 922(g)(1). *Id.* Under New York law, a conviction that is vacated as a result of a youthful offender adjudication is "set aside" for the purposes of 18 U.S.C. § 921(a)(20). *See United States v. Sellers*, 784 F.3d 876, 883 (2d Cir. 2015).

### B. The Defendant was "Convicted" under New York Law Following His Guilty Plea

As noted, 18 U.S.C. § 921(a)(20), requires that state law determines whether a defendant has a felony conviction for the purposes of § 922(g)(1). Under the New York Criminal Procedure Law, a "conviction" is defined as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument," (which includes an "indictment"), "other than a felony

4

complaint, or to one or more counts of such instrument." N.Y. Crim. Proc. Law § 1.20(1), (13). The Defendant was charged in state court via an indictment. Def. Dec., Ex. A, Tr. 1-2. Therefore, when the Defendant pled guilty to the state court felonies on April 14, 2020, he was "convicted" under New York law, even though he had not yet been sentenced.

Although the Defendant was eventually adjudicated as a youthful offender during his sentencing and his convictions were vacated as a result, that was not until September 22, 2020, three months after the alleged possession. Indeed, the fact that he was adjudicated a youthful offender on September 22, 2020 demonstrates that the Defendant had already been convicted of a felony. A "youthful offender adjudication is not a judgment of conviction for a crime or any other offense," instead, a youthful offender adjudication "replac[es] the underlying conviction," meaning that "a conviction is [] a *prerequisite* to a [youthful offender] adjudication." *Sellers*, 784 F.3d 876, 885-886 (2d Cir. 2015) (emphasis added) (citing *People v. Calderon*, 79 N.Y.2d 61, 580 N.Y.S.2d 163, 588 N.E.2d 61, 67 (1992); N.Y. Crim. Proc. Law § 720.35(1)).

That the state court judge ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is of no moment.² First, nothing the judge said could alter the basic functioning of New York procedural law, which defines a conviction as the entry of a guilty plea. Nor did the sentencing judge say anything inconsistent with the basic procedural premise that the Defendant was pleading guilty to state court felonies that would be vacated if the court determined he qualified for youthful offender adjudication at the time of sentencing. And indeed, at that sentencing proceeding, ▬

---

² What was said at the plea proceeding may be relevant to the Government's ability to prove at trial that the Defendant *knew* he stood convicted of a felony conviction on the date of the alleged possession of ammunition. *See Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019) ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

██████████████████████████████████████████████████████

████████████████████████████████████████ Def. Dec., Ex. B, Tr.

at 11.

For all of these reasons, as a matter of New York state law, the Defendant stood convicted of state felonies when he allegedly possessed ammunition on June 26, 2020.

### C. Effect of the Youthful Offender Adjudication

The Defendant's second argument is that he was indicted a full month after his youthful offender adjudication, "at [which] time" he "had no prior felony convictions." Dkt. No. 26 at 6. That is true, because, as explained above, his youthful offender adjudication vacated those convictions. However, the date of the indictment is not the date that matters for purposes of a § 922(g)(1) violation. Instead, the Defendant need only have had a prior felony (and known about it) on the date of the alleged possession. As the Second Circuit has expressly held: "In determining whether a defendant 'has been convicted' of the predicate felony required by § 922(g)(1), the determinate factor is defendant's criminal record *at the time of the charged possession*." *Burrell v. United States*, 384 F.3d 22, 27 (2d Cir. 2004) (emphasis added). *See also United States v. Lee*, 72 F.3d 55, 58 (7th Cir. 1995) (declining to vacate a § 922(g) conviction where a defendant's underlying predicate felony conviction was expunged after the charged possession but prior to trial, because the "decisive question is whether [the defendant's] conviction had been expunged at the time he committed the § 922(g) violation.").

The date of possession is the operative date because at the very moment a defendant, knowing he has a felony conviction, does knowingly possess a firearm or ammunition, then the violation of § 922(g)(1) is complete. *See United States v. Green*, 897 F.3d 443, 448 (2d Cir. 2018) ("[C]ompletion [of an offense] occurs at the moment the defendant's conduct satisfies

6

every element of the offense."). Just as a defendant need not continue to possess the firearm or ammunition at the time the indictment is filed, what matters for completion of the offense is whether a predicate conviction existed at the time of the firearm or ammunition possession.

Moreover, once the crime has occurred, there is no requirement that the underlying felony conviction remain valid going forward. The Second Circuit has expressly held that "a conviction for violating section [what is now § 922(g)(1)][3] is not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified." *Bonfiglio v. Hodden*, 770 F.2d 301, 304-05 (2d Cir. 1985). In *Bonfiglio*, the Second Circuit upheld a defendant's conviction for being a felon in possession of a firearm even though two years later his predicate felony was modified *nunc pro tunc* by the Court to a misdemeanor. *Id.* And so just as the felony need not remain valid after the § 922(g)(1) conviction, it need not remain valid prior to the indictment, because "it is the 'mere fact of a prior conviction' at the time of the charged possession, not the 'reliability' of the conviction, that establishes the § 922(g)(1) predicate." *Burrell v. United States*, 384 F.3d 22, 27–28 (2d Cir. 2004) (brackets omitted) (citing *Bonfiglio*, 770 F.2d at 306). *See also Lewis v. United States*, 445 U.S. 55, 67 (1980) ("The federal gun laws . . . focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons.").

In sum, if a Defendant is adjudicated as a youthful offender *prior* to the alleged act of possession, and thus his underlying felony had already been vacated, then no violation of § 922(g)(1) has been committed at all. *See Sellers*, 784 F.3d at 887. But once the violation is

---

[3] At the time, 18 U.S.C. § 922(h)(1) prohibited persons from "receiving firearms transported in interstate commerce having been previously convicted of a crime punishable by imprisonment for a term exceeding one year." *Bonfiglio v. Hodden*, 770 F.2d 301, 303 (2d Cir. 1985).

complete, there is no requirement in the law that his conviction remain valid up until the date of the indictment or any time thereafter.

### III. CONCLUSION

Under the laws of this Circuit and the state of New York, the Defendant had valid felony convictions on the date that the current federal indictment alleges that the Defendant possessed ammunition. The government has therefore "state[d] an offense" under § 922(g)(1) and Defendants' motion to dismiss the indictment pursuant to Fed. R. Crim. P. Rule 12(b)(3)(B)(v) is DENIED.

The Court will place this Opinion under temporary seal so that the parties may propose any necessary redactions. On or before March 5, 2021, the parties shall jointly write the Court either requesting specific redactions or indicating that no redactions are necessary.

This resolves Dkt. No. 22.

SO ORDERED.

Dated: March 3, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge